Filed 7/23/26  Conservatorship of C.W. CA3

<u>NOT TO BE PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

| | |
|---|---|
| Conservatorship of the Person and Estate of C.W. | C103696 |
| LORETTA MARTIN,<br>        Petitioner and Appellant,<br><br>        v.<br><br>RICHARD ALLEN MILLS,<br>        Objector and Respondent. | (Super. Ct. No. PR2024-0169) |

Loretta Martin appeals following an order appointing her conservator of the person and estate of C.W.  Martin prevailed at the contested conservatorship trial, but she requests a modification of language in a minute order denying a hearing on a motion for attorneys' fees.  Because we lack a sufficient record of the relevant trial court proceedings, we will affirm the order without modification.

BACKGROUND

In February 2025, following a contested bench trial, the trial court granted Martin's conservatorship petition.  No reporter's transcript has been provided on appeal, but the minute order from the day of trial reflects that the petition was granted after the court received testimony and exhibits.  The minute order concludes with a statement that reads:  "Motion Denied for attorney's fees hearing.  All parties to bear their own costs."

1

Martin filed a timely notice of appeal. In designating the record on appeal, Martin elected to proceed without a record of the oral proceedings.

DISCUSSION

"A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) " ' "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)

In this appeal, Martin requests a modification of the minute order's language regarding costs and attorneys' fees. She contends that the above-quoted language denying a fees hearing and allocating costs can be read to improperly "preclude later fee-shifting/sanctions procedures" that might be pursued in the conservatorship action; and she requests that we modify that language to clarify that the denial of the attorneys' fees hearing was without prejudice to a later, properly presented motion or petition for attorneys' fees or sanctions.

Martin does not contest the trial court's decision to deny the apparent attorneys' fees motion on the day of trial, instead assuming that the court was acting within its discretion to reject a procedurally defective or premature request. She specifically does not ask us to "reconstruct what was argued, what was requested orally, or why the probate court denied any particular request on that day." As Martin acknowledges, we would be unable to find error in the trial court's ruling on the apparent fees motion because she has provided only a scant 31-page clerk's transcript and no record of the oral proceedings. (See *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574-575 ["where no error appears on the face of a judgment roll record, all intendments and presumptions

2

must be in support of the judgment [citation] [citation] ... and any condition of facts consistent with the validity of the judgment will be presumed to have existed rather than one which would defeat it … .” ’ ”]; Cal. Rules of Court, rule 8.120(b) [to raise issue that requires consideration of oral proceedings in trial court, record on appeal must include reporter's transcript, agreed statement, or settled statement].)

But the absence of an adequate record also leads us to decline her request that we modify the minute order language regarding fees.  On the present record, we cannot tell what the trial court was being asked to rule on in the way of fees and costs or in what manner and by whom the motion was brought.  As a result, we have no way of discerning the intent or scope of the minute order language.  While we see no reason, in the abstract, that language like that in the order would itself preclude a future request for fees or sanctions, without any record of the relevant proceedings, we are left only to speculate on its meaning in the context of the present case.  We thus have no basis on which to revise the order's terms as requested.

### DISPOSITION

The conservatorship order is affirmed.  No costs are awarded to respondent as he has not filed a brief in this appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


/s/
_____
FEINBERG, J.

We concur:


/s/
_____
EARL, P. J.


/s/
_____
RENNER, J.

3